IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 13 |
| DIANE K. HARRIS        Debtor | ) | |
| | ) | |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | ) | CASE NO.: 21-12811-ELF |
| ALLY CAPITAL, | ) | |
|                           Movant | ) | |
| vs. | ) | **HEARING DATE:** |
| | ) | Tuesday, December 06, 2022 |
| DIANE K. HARRIS         and | ) | 11:30 A.M. |
| | ) | |
| JOHN & DIANE BAKED GOODS INC | ) | |
|                        Codebtor | ) | **LOCATION:** |
| | ) | 900 Market Street, Suite 201 |
| and            Respondent(s) | ) | Courtroom No. 1 |
| | ) | Philadelphia, PA 19107 |
| KENNETH E. WEST | ) | |
|                          Trustee | ) | |
| | ) | |

**STIPULATION RESOLVING ALLY CAPITAL'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND CODEBTOR STAY**

Came on for consideration the Motion for Relief from Automatic Stay and Codebtor Stay (Doc. 50) filed by Ally Capital its assigns and/or successors in interest, ("Movant"), in the above entitled and numbered case, regarding the 2016 Chevrolet G3500 Van Extended Express Van LS 155, V.I.N. # 1GB3GSCG5G1333042 (the "Collateral"). The Court, having considered said Motion and agreement of counsel, is of the opinion that the following Stipulation should be entered.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1. **Automatic and Codebtor Stay:** The Automatic Stay provided by 11 U.S.C. §362 and Codebtor Stay under 11 U.S.C. 1301 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to Movant the regular post-petition monthly payments of $547.88, beginning December 16, 2022.

3. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 and Codebtor Stay of 11 U.S.C. 1301 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

4. **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

5. **Default:** A default will occur in the event, (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 2, (2) Debtor fails to keep the Collateral insured, (3) Collateral is total loss. If Debtor defaults in any way, then Movant may send written notice of the default to Debtor and Counsel for Debtor by Regular Mail and by Certified Mail Return Receipt Requested, postage prepaid. The written notice will give Debtor a 10-day period to cure the default. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. If the account is not brought current within the ten day period, Movant may be granted relief from the automatic stay imposed by 11 U.S.C. §362 and Codebtor Stay of 11 U.S.C. 1301 as it relates to the Movant and the Collateral upon filing a Certification of Counsel that Debtor is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtor, Debtor's counsel and Chapter 13 Trustee. If the stay terminates pursuant to this Agreed Order, Movant shall be allowed to enforce all its rights and remedies in the Collateral as

permitted under the contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

**IT IS FURTHER ORDERED THAT:** Movant may immediately enforce and implement this Order granting relief from the Automatic Stay and Codebtor Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Codebtor, Debtor's attorney, and the Chapter 13 Trustee that the Automatic Stay and Codebtor Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 12/8/2022

/s/Stephen Matthew Dunne
STEPHEN MATTHEW DUNNE
Attorney for the Debtor

JOHN & DIANE BAKED GOODS INC
Co-Debtor

CONSENTED TO BY:

DATED: 12/12/22

REGINA COHEN
Attorney for Ally Capital

CONSENTED TO BY:

DATED: 12/20/22

/s/LeRoy W. Etheridge, Esq. for Kenneth E. West
KENNETH E. WEST (Trustee has no objection without
Chapter 13 Trustee    prejudice to any of his rights and
remedies)

SO ORDERED:

ENTERED ON: _____

ERIC L. FRANK
United States Bankruptcy Judge

4