United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-12811-elf |
| Diane K. Harris | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Dec 22, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 24, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Diane K. Harris, 232 Henderson Avenue, Ridley Park, PA 19078-1526 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 24, 2022      Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 22, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRIAN CRAIG NICHOLAS | on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com |
| REGINA COHEN | on behalf of Creditor Ally Capital rcohen@lavin-law.com  mmalone@lavin-law.com |
| SCOTT F. LANDIS | on behalf of Creditor Members 1st Federal Credit Union slandis@barley.com  jrachor@barley.com;dkearney@barley.com |
| STEPHEN MATTHEW DUNNE | |

District/off: 0313-2 User: admin Page 2 of 2
Date Rcvd: Dec 22, 2022 Form ID: pdf900 Total Noticed: 1

on behalf of Debtor Diane K. Harris bestcasestephen@gmail.com dunnesr74587@notify.bestcase.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 13 |
| DIANE K. HARRIS  Debtor | ) | |
| | ) | |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | ) | CASE NO.: 21-12811-ELF |
| ALLY CAPITAL, | ) | |
| Movant | ) | |
| vs. | ) | **HEARING DATE:** |
| | ) | Tuesday, December 06, 2022 |
| DIANE K. HARRIS  and | ) | 11:30 A.M. |
| | ) | |
| JOHN & DIANE BAKED GOODS INC | ) | |
| Codebtor | ) | **LOCATION:** |
| | ) | 900 Market Street, Suite 201 |
| and  Respondent(s) | ) | Courtroom No. 1 |
| | ) | Philadelphia, PA 19107 |
| KENNETH E. WEST | ) | |
| Trustee | ) | |
| | ) | |

**STIPULATION RESOLVING ALLY CAPITAL'S MOTION FOR RELIEF FROM**
**AUTOMATIC STAY AND CODEBTOR STAY**

Came on for consideration the Motion for Relief from Automatic Stay and Codebtor Stay (Doc. 50) filed by Ally Capital its assigns and/or successors in interest, ("Movant"), in the above entitled and numbered case, regarding the 2016 Chevrolet G3500 Van Extended Express Van LS 155, V.I.N. # 1GB3GSCG5G1333042 (the "Collateral"). The Court, having considered said Motion and agreement of counsel, is of the opinion that the following Stipulation should be entered.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1. **Automatic and Codebtor Stay:** The Automatic Stay provided by 11 U.S.C. §362 and Codebtor Stay under 11 U.S.C. 1301 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to Movant the regular post-petition monthly payments of $547.88, beginning December 16, 2022.

3. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 and Codebtor Stay of 11 U.S.C. 1301 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

4. **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

5. **Default:** A default will occur in the event, (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 2, (2) Debtor fails to keep the Collateral insured, (3) Collateral is total loss. If Debtor defaults in any way, then Movant may send written notice of the default to Debtor and Counsel for Debtor by Regular Mail and by Certified Mail Return Receipt Requested, postage prepaid. The written notice will give Debtor a 10-day period to cure the default. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. If the account is not brought current within the ten day period, Movant may be granted relief from the automatic stay imposed by 11 U.S.C. §362 and Codebtor Stay of 11 U.S.C. 1301 as it relates to the Movant and the Collateral upon filing a Certification of Counsel that Debtor is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtor, Debtor's counsel and Chapter 13 Trustee. If the stay terminates pursuant to this Agreed Order, Movant shall be allowed to enforce all its rights and remedies in the Collateral as

2

permitted under the contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

**IT IS FURTHER ORDERED THAT:** Movant may immediately enforce and implement this Order granting relief from the Automatic Stay and Codebtor Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Codebtor, Debtor's attorney, and the Chapter 13 Trustee that the Automatic Stay and Codebtor Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 12/8/2022

/s/Stephen Matthew Dunne
STEPHEN MATTHEW DUNNE
Attorney for the Debtor

_[signature]_
JOHN & DIANE BAKED GOODS INC
Co-Debtor

CONSENTED TO BY:

DATED: 12/12/22

_Regina Cohen_
REGINA COHEN
Attorney for Ally Capital

CONSENTED TO BY:

DATED: 12/20/22

/s/LeRoy W. Etheridge, Esq. for Kenneth E. West
KENNETH E. WEST (Trustee has no objection without
Chapter 13 Trustee     prejudice to any of his rights and
remedies)

## ORDER

The foregoing Stipulation is APPROVED, EXCEPT for the provision authorizing the filing of an unsecured deficiency claim after the grant of the relief from the automatic stay. The rights of all parties are preserved with respect to that issue.

Date: 12/22/22

_[signature]_

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**